IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARISSE STEPHENSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:25-cv-01755-S-BT |
| § | |
| BON SECOURS MERCY HEALTH § | |
| ET AL., § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Dr. Sharisse Stephenson, proceeding *pro se*, initiated this civil action against Bon Secours Mercy Health, Donna Lohr, Vishwas Patel, Anand Kapur, and Michelle Pyka on July 7, 2025. *See* Compl. (ECF No. 3). To date, Dr. Stephenson has failed to effect proper service in compliance with Federal Rule of Civil Procedure 4. Therefore, the District Judge should DISMISS this case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

### *Background*

In this employment dispute, Dr. Stephenson alleges that after requesting accommodations under the Americans with Disabilities Act (ADA), her employer Bon Secours Mercy Health "placed [her] on leave, denied [her] therapy access, and ultimately denied [her] short-term disability benefits." Compl. at 3, ¶ 14 (ECF No. 3). She also alleges that Defendants retaliated against her for reporting safety concerns in Bon Secours Mercy Health's neurology clinic and infringed upon her

1

First Amendment rights. *Id.* ¶¶ 13, 16. She brings claims under the ADA, First Amendment, § 1983, and equal protection. *Id.* at 4.

## *Legal Standard and Analysis*

Under Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–42 (5th Cir. 2016) (failure to comply with court order);

*Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

Here, Dr. Stephenson initiated this civil action more than 90 days ago. And by paying the filing fee, Dr. Stephenson undertook the obligation to properly serve each Defendant with a summons and the complaint in accordance with Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4(c), (h); *Leeper v. Carte Blanche*, 2024 WL 1218550, at *1 (N.D. Tex. Mar. 20, 2024) (Horan, J.). However, she has not filed proof of service on any Defendant or offered good cause for this failure. Thus, Dr. Stephenson has failed to comply with the Federal Rules of Civil Procedure, and has failed to prosecute this lawsuit, so it should be dismissed under Rules 4(m) and 41(b).

### *Recommendation*

The District Judge should DISMISS Dr. Stephenson's case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) for failure to timely effectuate service and failure to prosecute. If Dr. Stephenson files a valid return of

service as to Defendants or shows good cause in writing before the deadline for objecting to the findings, conclusions, and recommendation expires (explained in more detail below), the Magistrate Judge will withdraw the recommendation to dismiss.[1]

**SO RECOMMENDED.**

December 23, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] However, the Court notes that the Northern District of Texas is not the appropriate venue for Dr. Stephenson's suit. Rather, Dr. Stephenson should have brought her claims in the Eastern District of Virginia. *See* Order, *Stephenson v. Bon Secours Med. Grp. Hampton Rds. Specialty Care LLC,* No. 3:25-CV-2668-S-BK, (N.D. Tex. Oct. 3, 2025), ECF No. 4 (Toliver, J.) (*sua sponte* transferring Dr. Stephenson's ADA case to the Eastern District of Virginia).